**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| CHARLES HERBST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:26-cv-76 |
| | ) | |
| STATE OF INDIANA and COUNTY OF TIPPECANOE, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Charles Herbst, proceeding *pro se*, filed a complaint and a motion to proceed *in forma pauperis*. Because Herbst wishes to proceed *in forma pauperis*, his complaint is governed by 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of (1) "frivolous" claims, § 1915(e)(2)(B)(i), *see Vey v. Clinton*, 520 U.S. 937, 937 (1997); (2) complaints that fail to state a claim, § 1915(e)(2)(B)(ii), *Jaros v. IDOC*, 684 F.3d 667, 669 n.1 (7th Cir. 2012); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); and (3) complaints that seek monetary damages against a defendant who is immune from such damages, § 1915(e)(2)(B)(iii). Section 1915(e)(2) applies to all litigants who seek to *proceed in forma pauperis*, not just prisoners. See *Vey*, 520 U.S. at 37 (applying § 1915(e)(2)(B)(i) to non-inmate); *Jaros*, 684 F.3d at 669 n.1 (explaining that § 1915(e)(2) screening applies to non-prisoner suits).

Courts apply the same legal standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To state a claim, a complaint must set

forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing Herbst's complaint, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in his favor. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018). Moreover, because Herbst is proceeding *pro se*, the court will liberally construe his pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Herbst's complaint fails to satisfy § 1915(e)(2)(B), as it is frivolous and fails to state a proper claim. Herbst names the Indiana Attorney General, the State of Indiana, and Tippecanoe County as Defendants. [DE 1, 2.] He alleges his constitutional rights were violated when Indiana state judge Kristen McVey sentenced him and entered a no contact order against him that he alleges infringed upon his "right to liberty or pursuit of property." *Id.* at 3-4. He is requesting that I find the no contact order to be unconstitutional. More broadly, he seeks a "thorough review be taken to fix the issue in all of Indiana County Courts, but especially Superior 5 Judge McVey's Court." He also requests $56,000 in compensatory damages and $250,000 in punitive damages.

Herbst's claims have a number of issues, but notably, they run headfirst into the Rooker-Feldman Doctrine, which does not allow me, as a district judge, to review state court judgments. *Martin v. Heuer*, 2012 WL 1862325, at *1 (7th Cir. 2012) (affirming dismissal of *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B) because "Martin's claims against Judges Laur and Heuer amount to attacks on the state-court judgment against

Martin, and the district court correctly concluded that it lacked jurisdiction over those claims under Rooker–Feldman"); *Powell v. U.S. Bank Na. Ass'n*, 2024 WL 3812292, at *1 (7th Cir. Aug. 21 2024) (stating that the Rooker-Feldman "doctrine bars federal district courts from hearing cases brought by state court losers who complain of injuries caused by state-court judgments and seek review and rejection of those judgments."). Thus, I lack jurisdiction over this matter.

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs*., 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). In this case, the issues with the claims are not ones that could be fixed with an amendment. There are substantive issues stopping proper claims from being stated on these facts. Thus, I will not grant leave to amend, and the case will be dismissed.

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and the motion to proceed in forma pauperis [DE 3] is **DENIED**.

SO ORDERED.

ENTERED: September 18, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT